UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                             :

CARLOS QUINTUNA, FRANKLYN    :
YUCAILLA, RICARDO ISRAEL          **MEMORANDUM DECISION AND**
YANCHA, and FAUSTO ZHAGNAY, on : **ORDER**
behalf of themselves and all other persons :
similarly situated,                          : 23-cv-7056 (BMC)
                                             :
                      Plaintiffs,   :

            - against -                 :

CAREDEMA CONTRACTORS            :
INCORPORATED and JORGE OLVERA, :

                      Defendants.   :
-------------------------------------------------------- X

**COGAN**, District Judge.

      Four construction workers bring this action under the Fair Labor Standards Act and New York Labor Law, principally for unpaid overtime and spread-of-hours wages. The case is before the Court on plaintiffs' motion for a default judgment. Defendants have failed to timely appear, and the Clerk of Court has noted their default under Fed. R. Civ. P. 55(a). The motion is granted to the extent set forth below.

      The complaint and plaintiffs' affidavits in support of the motion allege that plaintiffs worked for defendants' contracting business at specified times during 2022 and 2023. They all worked over 40 hours per week; the specific periods of employment and exact amount of time for each of them is also set forth in their affidavits. They were paid a flat hourly wage above the minimum wage for each hour, but no overtime wages, no spread-of-hours payments as required under New York law (12 N.Y.C.R.R. § 146-1.6), and three of the four plaintiffs received no pay at all for their final week. They never received any paystubs or written documentation of their

pay. Defendants were engaged in interstate commerce and had gross revenues of more than $500,000.

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability under the FLSA and NYLL.

A defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here. Plaintiffs have submitted documentation calculating the elements of the damages that they are seeking. Those calculations show overtime payments owed to each of the plaintiffs as follows: $7044.44 to plaintiff Quintuna; $3602.79 to plaintiff Yucailla; $6924.64 to plaintiff Yancha; and $7567.50 to plaintiff Zhagnay. The calculations also show spread-of-hours damages of $2742.86, $1650, $2625, and $2603.57 to each plaintiff, respectively. For each plaintiff, these amounts are added together and the same amount is also recoverable as liquidated damages.

There are two claimed items of damages which I will not allow. First, plaintiffs claim statutory damages for failure to provide notices and statements required by NYLL §§ 195,

2

198(1-b), and 198(1-d).  That claim is denied because they lack standing under Article III of the Constitution to maintain those claims in federal court.  See Deng v. Frequency Electronics, Inc., 650 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022).   Those claims are dismissed without prejudice to bringing them in state court.  Second, I decline to award prejudgment interest on the unpaid wage claims, especially at the New York statutory rate of 9%, as that would be draconian in light of the award of liquidated damages, which are sufficient to compensate plaintiff for the loss of use of the money.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012).

      Plaintiff's claim for attorneys' fees of $10,780 is based on 24.2 hours of work at $400 per hour and 2.2 hours of work at $500 per hour for two timekeepers, respectively.  The Court has been given no information about their experience except that they have "more than twenty years combined experience in litigating wage-and-hour cases."  Moreover, these claimed rates are much higher than the scale for FLSA cases in this district, reserved for cases that require extraordinary effort or expertise, which this case did not.  The more usual top rate for this district is $350 per hour and often lower.  See e.g., Jones v. Pawar Bros. Corp., No. 17-cv-3018, 2023 WL 6214213, at *7 (E.D.N.Y. Sept. 25, 2023) (listing the range as $200 to $325). I am reducing the hourly rate to $325 per hour for both timekeepers, which yields a total fee of $7390.20.  The claim for $572 in disbursements is reasonable.

      Accordingly, the motion for a default judgment is granted to the extent set forth above.  The Clerk is directed to enter judgment in favor of each plaintiff and against defendants, jointly and severally, as follows:

      (1) Plaintiff Quintuna: $19,574.60;

      (2) Plaintiff Yucailla: $10,505.58;

      (3) Plaintiff Yancha: $19099.28

    (4) Plaintiff Zhagnay $20,342.14;

and for attorneys' fees and costs in the amount of $7962.20.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       April 17, 2024

4